UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMA GOIDEL, ILANA LEE, MADELEINE
LEE, and LESLEY BROWN, on behalf of
themselves and all others similarly situated,

        *Plaintiffs*,

-against-

AETNA, INC.

        *Defendant*.

Case No. 1:21-cv-07619 (VSB)

## AETNA INC.'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Aetna, Inc. ("Aetna")[1], by and through its attorneys, hereby answers the

allegations in Plaintiffs Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown (collectively

"Plaintiffs") Amended Complaint, dated November 4, 2021 [ECF No. 20].

## GENERAL DENIAL

Except for those allegations expressly admitted herein, Aetna denies each and every

allegation of the Amended Complaint. Except as defined herein, the defined terms of the

Amended Complaint are incorporated herein by reference, but Aetna does not concede the

truthfulness or accuracy of the defined terms. To the extent that headings contained in the

Amended Complaint, some of which are replicated herein for ease of reference, contain

allegations of fact to which a response is required, Aetna denies them in full.

## FIRST AMENDED COMPLAINT

---

[1] Aetna Inc. does not provide insurance coverage and is not a proper party to this action. All references to "Aetna" hereafter shall be construed to mean Aetna Life Insurance Company or related entities that provide health insurance coverage in the State of New York, unless otherwise specified.

1.       Paragraph 1 does not set forth allegations of fact to which a response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 1.

## PRELIMINARY STATEMENT

2.       Aetna Inc. does not provide insurance coverage and is not a proper party to this action, so all references to "Aetna" shall be construed to mean Aetna Life Insurance Company or related entities that provide health insurance coverage in the State of New York, unless otherwise specified. The allegations in Paragraph 2 set forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 2.

3.       Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4.       Except to admit that Plaintiffs are each currently enrolled in an Aetna insurance plan that offers certain infertility benefits, Aetna denies the allegations in Paragraph 4.

5.       Aetna denies the allegations in Paragraph 5. Paragraph 5 purports to characterize Clinical Policy Bulletin No. 0327 (the "CPB"), which speaks for itself.

6.       Aetna denies the allegations in Paragraph 6. Paragraph 6 purports to characterize the CPB, which speaks for itself.

7.       Aetna denies the allegations in Paragraph 7.

8.       Aetna denies the allegations in Paragraph 8.

9.       Aetna denies the allegations in Paragraph 9.

10.      Aetna denies the allegations in Paragraph 10.

11.      Aetna denies the allegations in Paragraph 11.

12.      Aetna denies the allegations in Paragraph 12.

13.     Aetna denies the allegations in Paragraph 13.

14.     Aetna denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 set forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 purports to characterize 28 U.S.C. § 1331 and 42 U.S.C. § 18116(a), which speak for themselves. This paragraph contains legal conclusions to which no response is required.

17.     The allegations in Paragraph 17 set forth legal conclusions to which no response is required.

18.     Paragraph 18 purports to characterize 28 U.S.C. § 1391(b), which speaks for itself. This paragraph contains legal conclusions to which no response is required.

## THE PARTIES

19.     Aetna admits Emma Goidel has been enrolled in a Columbia University student health plan provided by Aetna since August 2019, but Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19.

20.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22.     Except to admit that Ilana and Madeleine Lee have been enrolled in a fully-insured health plan provided by Aetna since August 2019, Aetna denies the allegations in Paragraph 22.

23.     Aetna admits that Lesley Brown has been enrolled in a self-insured health plan administered by Aetna since April 2021, but Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23.

24.     Aetna denies the allegations in Paragraph 24 as to Aetna, Inc.

25.     The allegations in the first sentence of Paragraph 25 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations. Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25.

26.     Aetna admits the that it provides and administers student health plans for colleges and universities in the State of New York, including Columbia University, but Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26.

27.     Except to admit that Aetna is a health insurance company that acts as an insurer for fully-insured health plans and a third party administrator for self-insured health plans throughout the United States, including in New York State, Aetna denies the allegations in Paragraph 27.

**FACTUAL ALLEGATIONS**

28.     Except to admit that clinical policy bulletins exist, Aetna denies the allegations in Paragraph 28.

29.     Except to admit the existence of the CPB, Aetna denies the allegations in Paragraph 29. Paragraph 29 and footnote 2 cited therein purport to characterize the CPB, which speaks for itself. Footnote 1 sets forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in footnote 1.

30.     Paragraph 30 purports to characterize the CPB, which speaks for itself.

31.     Aetna denies the allegations in Paragraph 31. Paragraph 31 purports to characterize the CPB, which speaks for itself. Footnote 3 purports to characterize a website from the American Society for Reproductive Medicine, which speaks for itself.

32.     Aetna denies the allegations in Paragraph 32. Paragraph 32 purports to characterize the CPB, which speaks for itself.

33.     Aetna denies the allegations in Paragraph 33.

34.     Aetna denies the allegations in Paragraph 34.

35.     Aetna denies the allegations in Paragraph 35.

36.     Aetna denies the allegations in Paragraph 36. The second and third sentences of Paragraph 36 purport to characterize N.Y. Ins. Law § 3243(a)(1) and N.Y. Ins. Law § 3221(k)(6)(C)(viii), which speak for themselves.

37.     Aetna admits that since August 27, 2019, Emma Goidel has been enrolled in the Aetna Student Health Medical Plan Columbia University (the "Columbia Plan") as her spouse's dependent. Footnote 4 purports to characterize the Columbia Plan, which speaks for itself.

38.     Aetna admits that since August 27, 2019, Emma Goidel has been enrolled in the Columbia Plan as her spouse's dependent. Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38.

39.     Aetna denies the allegations in Paragraph 39. Paragraph 39 purports to characterize the Columbia Plan, which speaks for itself.

40.     Paragraph 40 purports to characterize the Columbia Plan, which speaks for itself.

41.     Aetna denies the allegations in Paragraph 41. Paragraph 41 purports to characterize the Columbia Plan, which speaks for itself.

42.     Aetna denies the allegations in Paragraph 42. Paragraph 42 purports to characterize the Columbia Plan, which speaks for itself.

43.     Aetna denies the allegations in Paragraph 43. Paragraph 43 purports to characterize the Columbia Plan, which speaks for itself. Footnote 5 purports to characterize the CPB, which speaks for itself. Footnote 6 purports to characterize a website from the American Society for Reproductive Medicine, which speaks for itself.

44.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47.     Except to admit that Emma Goidel and her partner were not covered by an Aetna plan in 2018, Aetna denies the allegations in Paragraph 47.

48.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49.     Aetna admits Emma Goidel and her partner have been covered by the Columbia Plan since August 2019, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49.

50.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51.     Except to admit that Emma Goidel's doctor sought preauthorization for six cycles of IUI in 2020, Aetna denies the allegations in Paragraph 51.

52.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53.     Except to admit Aetna issued a letter to Emma Goidel on September 21, 2020, Aetna denies the allegations in Paragraph 53.

54.     Aetna denies the allegations in Paragraph 54. Paragraph 54 purports to characterize a September 21, 2020 letter from Aetna, which speaks for itself.

55.     Aetna denies the allegations in Paragraph 55.

56.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

60.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65.     Except to admit that Emma Goidel sent a letter to Aetna in March 2021, Aetna denies the allegations in Paragraph 65.

66.     Except to admit that Emma Goidel sent a letter to Aetna in March 2021, Aetna denies the allegations in Paragraph 66. Paragraph 66 purports to characterize Emma Goidel's March 2021 letter, which speaks for itself.

67.     Except to admit the existence of New York's Insurance Circular Letter No. 3, Aetna denies the allegations in Paragraph 67. Paragraph 67 purports to characterize New York's Insurance Circular Letter No. 3 from February 2021, which speaks for itself.

68.     Paragraph 68 and footnote 7 cited therein purport to characterize New York's Insurance Circular Letter No. 3 from February 2021, which speaks for itself.

69.     Paragraph 69 and footnote 8 cited therein purport to characterize New York's Insurance Circular Letter No. 3 from February 2021, which speaks for itself.

70.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations surrounding Emma Goidel's medical costs and decisions. Aetna denies the remaining allegations in Paragraph 73.

74.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations surrounding Emma Goidel's medical costs and decisions. Aetna denies the remaining allegations in Paragraph 74.

75.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78.     Except to admit that Aetna sent a letter to Emma Goidel on April 19, 2021, Aetna denies the allegations in Paragraph 78. Paragraph 78 purports to characterize an April 19, 2021 letter from Aetna, which speaks for itself.

79.    Except to admit that Aetna sent a letter to Emma Goidel on April 20, 2021, Aetna denies the allegations in Paragraph 79. Paragraph 79 purports to characterize an April 20, 2021 letter from Aetna, which speaks for itself.

80.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80.

81.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81.

82.    Except to admit Emma Goidel's doctor contacted Aetna in May 2021, Aetna denies the allegations in Paragraph 82.

83.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83.

84.    Except to admit that Aetna sent a letter to Emma Goidel on May 14, 2021, which speaks for itself, Aetna denies the allegations in Paragraph 84.

85.    Aetna denies the allegations in Paragraph 85 and avers that the May 14, 2021 letter speaks for itself.

86.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 related to Emma Goidel's medical expenses. Aetna denies that it has engaged in discrimination and further denies that it is responsible for Emma Goidel's alleged injuries.

87.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88.

89.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

90.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.     Aetna admits that Ilana and Madeleine Lee have been enrolled in a fully-insured Aetna plan provided by Justworks Employment Group LLC (the "Justworks Plan") since August 1, 2019. Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95.

96.     Aetna admits the allegations in Paragraph 96.

97.     Aetna denies the allegations in Paragraph 97. Paragraph 97 purports to characterize the Justworks Plan, which speaks for itself.

98.     Aetna denies the allegations in Paragraph 98. Paragraph 98 purports to characterize the Justworks Plan, which speaks for itself.

99.     Aetna denies the allegations in Paragraph 99. Paragraph 99 purports to characterize the Justworks Plan, which speaks for itself.

11

100.    Aetna denies the allegations in Paragraph 100. Paragraph 100 purports to characterize the Justworks Plan, which speaks for itself.

101.    Aetna denies the allegations in Paragraph 101. Paragraph 101 purports to characterize the Justworks Plan, which speaks for itself.

102.    Aetna denies the allegations in Paragraph 102. Paragraph 102 purports to characterize the Justworks Plan, which speaks for itself.

103.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103.

104.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104.

105.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105.

106.    Other than to admit Ilana Lee's doctor submitted a precertification request for IUI, Aetna denies the allegations in Paragraph 106.

107.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107.

108.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108.

109.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109.

110.    Aetna denies the allegations in Paragraph 110.

111.    Aetna denies the allegations in Paragraph 111. To the extent the allegations in Paragraph 111 seek to characterize a letter allegedly issued by Aetna, the letter speaks for itself.

112.     Aetna denies the allegations in Paragraph 112.

113.     Aetna denies the allegations in Paragraph 113. To the extent the allegations in Paragraph 113 seek to characterize a letter allegedly issued by Aetna, the letter speaks for itself.

114.     Aetna denies the allegations in Paragraph 114.

115.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115.

116.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116.

117.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117.

118.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118.

119.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119.

120.     Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120.

121.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121. Aetna denies that it is responsible for Ilana and Madeleine Lee's alleged injuries.

122.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122.

123.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123.

124.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124.

125.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125.

126.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126.

127.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127.

128.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128.

129.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129.

130.     Aetna admits that Lesley Brown and Areum Kim have been enrolled in a self-insured Aetna plan sponsored by ICON Clinical Research LLC (the "ICON Plan") since April 1, 2021. Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 130.

131.     Aetna admits the allegations in Paragraph 131.

132.     Aetna denies the allegations in Paragraph 132. Paragraph 132 purports to characterize the ICON Plan, which speaks for itself.

133.     Aetna denies the allegations in Paragraph 133. Paragraph 133 purports to characterize the ICON Plan, which speaks for itself.

134.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134.

135.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135.

136.    Except to admit that Lesley Brown's fertility clinic sought  preauthorization for one cycle of IUI in August 2021, Aetna denies the allegations in Paragraph 136.

137.    Except to admit that Aetna sent Lesley Brown a letter on or about August 20, 2021, Aetna denies the allegations in Paragraph 137.

138.    Aetna denies the allegations in Paragraph 138. Paragraph 138 purports to characterize an August 20, 2021 letter from Aetna, which speaks for itself.

139.    Aetna denies the allegations in Paragraph 139.

140.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140.

141.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141.

142.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142.

143.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143.

144.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144.

145.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 145. Aetna denies the allegations in the second sentence of Paragraph 145.

146.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146.

147.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147.

148.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148.

149.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149.

150.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150.

151.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151.

152.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152.

153.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153.

154.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154.

155.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiff's alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155.

156.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156.

157.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157.

158.    Aetna denies that it has engaged in discrimination and further denies that it is responsible for Plaintiffs' alleged injuries. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 set forth characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Aetna denies the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 set forth legal conclusions and characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Aetna denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 set forth legal conclusions and characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Aetna denies the allegations in Paragraph 161.

162.    Aetna denies the allegations in Paragraph 162. Paragraph 162 purports to characterize the CPB, which speaks for itself.

163.    The allegations in Paragraph 163 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 163.

164.    The first sentence of Paragraph 164 and footnote 9 cited therein purport to characterize a Census.gov webpage, which speaks for itself. The second and third sentences of Paragraph 164 and footnotes 10-11 cited therein purport to characterize tables on the American Medical Association's website, which speaks for itself. The fourth sentence of Paragraph 164 and footnote 12 cited therein purports to characterize the Behavioral Risk Factor Surveillance System Survey, which speaks for itself. Aetna denies the remaining allegations in Paragraph 164.

165.    Except to admit that it provides and administers numerous student health plans in the State of New York, Aetna denies the allegations in the first sentence of Paragraph 165. The second sentence of Paragraph 165 and footnotes 13-29 cited therein purport to characterize various student health policies, which speak for themselves. Aetna lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 165.

166.    Aetna denies the allegations in Paragraph 166.

167.    Aetna denies the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 set forth characterizations of Plaintiffs' claims and legal conclusions to which no response is required, and Aetna otherwise denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 set forth legal conclusions to which no response is required, and Aetna otherwise denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 set forth characterizations of Plaintiffs' claims to which no response is required, and Aetna otherwise denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 set forth characterizations of Plaintiffs' claims and legal conclusions to which no response is required, and Aetna otherwise denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 set forth characterizations of Plaintiffs' claims and legal conclusions to which no response is required, and Aetna otherwise denies the allegations in Paragraph 172.

173.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 set forth characterizations of Plaintiffs' claims and legal conclusions to which no response is required, and Aetna otherwise denies the allegations in Paragraph 174.

175.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 18116(a)
### Discrimination in Health Care on the Basis of Sex

176.     Aetna repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 176.

177.     Paragraph 177 purports to characterize the Affordable Care Act, which speaks for itself.

178.     The allegations in Paragraph 178 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 178.

179.     Aetna denies the allegations in Paragraph 179.

180.     Aetna denies the allegations in Paragraph 180.

181.     Aetna denies the allegations in Paragraph 181.

182.     Aetna denies the allegations in Paragraph 182.

183.     Aetna denies the allegations in Paragraph 183.

## SECOND CAUSE OF ACTION
### N.Y. Exec. Law § 296(2)(a)
### Discrimination on the Basis of Sex in Violation of NYSHRL

184.     Aetna repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 184.

185.     Paragraph 185 purports to characterize the New York State Human Rights Law, which speaks for itself.

186.     The allegations in Paragraph 186 set forth legal conclusions and characterizations of Plaintiffs' claims to which no response is required, and Aetna otherwise denies the allegations in Paragraph 186.

187.    Aetna denies the allegations in Paragraph 187.

188.    Aetna denies the allegations in Paragraph 188.

189.    Aetna denies the allegations in Paragraph 189.

190.    Aetna denies the allegations in Paragraph 190.

191.    Aetna denies the allegations in Paragraph 191.

**THIRD CAUSE OF ACTION**
**N.Y.C. Admin. Code § 8-107(4)**
**Discrimination on the Basis of Sex in Violation of NYCHRL**

192.    Aetna repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 192.

193.    Paragraph 193 purports to characterize the New York City Human Rights Law, which speaks for itself.

194.    The allegations in Paragraph 194 set forth legal conclusions and characterizations of Plaintiffs' claims to which no response is required, and Aetna otherwise denies the allegations in Paragraph 194.

195.    Aetna denies the allegations in Paragraph 195.

196.    Aetna denies the allegations in Paragraph 196.

197.    Aetna denies the allegations in Paragraph 197.

198.    Aetna denies the allegations in Paragraph 198.

199.    Aetna denies the allegations in Paragraph 199.

**JURY TRIAL DEMANDED**

200.    Aetna denies that Plaintiffs are entitled to a jury trial. Aetna denies that any of the six lettered paragraphs following Paragraph 200 specifying the relief Plaintiffs seek constitute allegations of fact, deny Plaintiffs' demands to the extent that they are, and deny that Plaintiffs are entitled to any of the relief they seek.

## DEFENSES

Aetna asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate or available in this action.  By asserting the defenses herein, Aetna does not assume the burden of proof for any issues as to which the applicable law places the burden on Plaintiffs.

### FIRST DEFENSE

Aetna asserts that, to the extent any allegation contained in the Amended Complaint is not expressly admitted herein, it is denied.

### SECOND DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim against Aetna for which relief can be granted.

### THIRD DEFENSE

Some or all of Plaintiffs' claims are preempted by ERISA.

### FOURTH DEFENSE

Some or all of the Plaintiffs lack standing to bring any cause of action.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Aetna is not subject to Section 1557 of the Affordable Care Act.

### SIXTH DEFENSE

To the extent Plaintiffs' complaints are about Aetna's resolution of benefit claims under the terms of their plans, although Aetna denies any liability to Plaintiffs, in the event plan benefits are awarded to Plaintiffs, Plaintiffs' remedies for any alleged act or omission are subject to the terms of the Plans and limited solely to those offered by ERISA.

## SEVENTH DEFENSE

To the extent Plaintiffs' complaints are about Aetna's resolution of benefit claims under the terms of their Plans, no benefits are payable to Plaintiffs because they do not meet the requirements of the Plans.

## EIGHTH DEFENSE

To the extent Plaintiffs' complaints are about Aetna's resolution of benefit claims under the terms of their Plans, Plaintiffs claims are barred as the Plans' claims administrators acted reasonably with respect to the consideration and determination of Plaintiffs' claims for benefits under the Plans.  The Plans' claims administrators did not abuse their discretion, or act arbitrarily or capriciously, in making the determination that no further benefits were due to Plaintiffs.

## NINTH DEFENSE

To the extent Plaintiffs' complaints are about Aetna's resolution of benefit claims under the terms of their Plans, substantial evidence supports the Plans' claims administrators' determinations that no further benefits were due to Plaintiffs.

## TENTH DEFENSE

Plaintiffs' recovery, if any, is limited by the terms, conditions, limitations, and other provisions of the Plans and ERISA.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because Aetna satisfied its contractual obligations by processing the claims at issue in accordance with the terms of the Plan and/or applying the full contractually-required amount for the services at issue.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because all asserted causes of action have been mooted by payment of all benefits owed under the Plan.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because unsubmitted claims are not ripe for adjudication by this Court.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred due to assignment of right(s) to various treatment providers, who assumed responsibility for the administrative appeals process on their behalf.

**FIFTEENTH DEFENSE**

Aetna asserts any and all privileges and defenses available to it under ERISA, 29 U.S.C. § 1001, et seq.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred because Aetna complied with its duties under ERISA, 29 U.S.C. Section 1001, et seq. and the terms of the governing plan documents.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to follow appropriate procedures to file claims, exhaust administrative remedies, or avail themselves of the applicable claims and appeal procedures.

**EIGHTEENTH DEFENSE**

The relief sought in the Amended Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**NINETEENTH DEFENSE**

24

The relief sought in the Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

## TWENTIETH DEFENSE

The relief sought in the Amended Complaint is barred, in whole or in part, by the applicable statute of limitations or limitations set out in the terms of relevant agreements and plan documents.

## TWENTY-FIRST DEFENSE

The damages suffered by Plaintiffs, if any, are attributable, in whole or in part, to conduct of Plaintiffs or persons or entities other than Aetna.

## TWENTY-SECOND DEFENSE

The Amended Complaint fails to allege facts sufficient to support an award of actual, compensatory, consequential, punitive, or exemplary damages.

## TWENTY-THIRD DEFENSE

Any and all damages claimed by Plaintiffs, whether punitive, compensatory, liquidated, actual, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims under Title VII.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs' Amended Complaint seeks exemplary or punitive damages, they violate Aetna's right to protection from excessive fines as provided in the Eighth Amendment to the United States Constitution, and violate Aetna's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and, therefore, fails to state a cause of action supporting such damages.

## TWENTY-FIFTH DEFENSE

Aetna's treatment of Plaintiffs did not constitute prohibited discrimination recognized by any state or Federal statute under which Plaintiffs bring their claims.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs' claims are governed by ERISA, Plaintiffs are not entitled to compensatory, non-pecuniary, punitive or exemplary damages and/or attorneys' fees under the circumstances pled.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, in accordance with Fed. R. Civ. P. 19(a) because Plaintiffs failed to join necessary and indispensable parties.

Dated:   New York, New York
         February 11, 2022

BAKER BOTTS L.L.P.

*/s/ Earl B. Austin*
Earl B. Austin
Sarah Reeves
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 408-2500
earl.austin@bakerbotts.com

CALCAGNI & KANEFSKY LLP
Mariellen Dugan
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, New Jersey 07102
Tel.: 862-397-1796
mdugan@ck-litigation.com

*Attorneys for Defendant Aetna Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of February 2022, a copy of the foregoing AETNA INC.'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT was electronically filed with the clerk of court of the United States District Court for the Southern District of New York, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Earl B. Austin*
Earl B. Austin

27