UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMA GOIDEL, ILANA LEE, MADELEINE LEE, And LESLEY BROWN, On Behalf Of Themselves And All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>- against -<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>*Defendant.* | Case No. 1:21-cv-07619 (VSB) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING A FAIRNESS HEARING**

WHEREAS, on September 13, 2021, Plaintiff Goidel filed a Complaint alleging, *inter alia*, that Aetna is liable under 42 U.S.C. § 18116(a), and with respect to student plans, N.Y. Exec. Law § 296(2)(a), and N.Y.C. Admin. Code § 8-107(4) for discrimination on the basis of sex, sexual orientation, and gender identity;

WHEREAS, on November 5, 2021, Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown (the "Named Plaintiffs") filed a First Amended Complaint ("Amended Complaint") alleging, *inter alia*, that Aetna is liable under 42 U.S.C. § 18116(a), and with respect to student plans, N.Y. Exec. Law § 296(2)(a), and N.Y.C. Admin. Code § 8-107(4) for discrimination on the basis of sex, sexual orientation, and gender identity;

WHEREAS, in the Amended Complaint, the Named Plaintiffs sought prospective injunctive relief and damages on behalf of two classes of similarly situated individuals under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), who have or would have been denied health benefits coverage for infertility treatment;

1

WHEREAS, on April 18, 2024, the Named Plaintiffs, on behalf of themselves and the Class, reached a settlement agreement (the "Settlement Agreement") with Defendant (together with the Named Plaintiffs, the "Parties");

WHEREAS, the terms of the Settlement Agreement were extensively and vigorously negotiated in good faith over the course of approximately eleven months;

WHEREAS, the Parties engaged in a mediation with Mediator the Honorable Steven M. Gold (retired) to further negotiate the terms of the Settlement Agreement;

WHEREAS, if the Settlement Agreement is approved by the Court, all Claims that have been, could have been, or could be asserted in this Action would be resolved, subject to the Release provisions of the Settlement Agreement;

WHEREAS, Named Plaintiffs have filed a motion asking the Court to preliminarily approve the April 18, 2024, Settlement Agreement, attaching the same to their motion;

WHEREAS, also attached to Named Plaintiffs' motion for preliminary approval are the following implementing documents:

(i) proposed Notices and the Claim Form Package, consisting of the proposed Attestation Form, Out-of-Pocket Expense Documentation Submission, Miscellaneous Harm Submission, Proof of Greater Covered Care Submission, and Claim Form Submission (collectively, the "Notices and Forms"), to be mailed to potential Class Members, as well as the Published Notice to be posted online;

(ii) Named Plaintiffs' proposed Allocation Plan;

(iii) a proposed Preliminary Approval Order;

WHEREAS, Defendant denies all the allegations made in the Amended Complaint, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to

2

settle the Action on the terms and conditions set forth in the Settlement Agreement to avoid the burden, expense, and uncertainty of continuing litigation;

WHEREAS, Defendant joins in seeking the entry of this Preliminary Approval Order;

WHEREAS, the Court has read and considered the Settlement Agreement and the submissions made by the Parties;

WHEREAS, based on the materials described above, the Court finds that the proposed Settlement Agreement and the Allocation Plan are within the range of possible approval and that notifying potential Class Members about the terms and conditions of the proposed Settlement Agreement and the Allocation Plan and scheduling a formal Fairness Hearing is warranted; and

WHEREAS, all terms of the proposed Settlement Agreement and the Allocation Plan remain subject to the Court's approval.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. ***Preliminary Findings Regarding Proposed Settlement*** – The Court preliminarily finds that the proposed Settlement Agreement as evidenced by the Settlement Agreement and the Allocation Plan is sufficiently fair, reasonable, and adequate to warrant providing notice to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement Agreement. In making these findings, the Court has considered a number of factors, including the nature of the Plaintiffs' and Defendant's respective claims and defenses, the amount and type of consideration to be paid, the information available to the Parties, and the allocation of the proposed relief. Based on these considerations, the Court preliminarily concludes that:

    (i)    the proposed Settlement Agreement and the Allocation Plan are within the range of possible approval and the Settlement Agreement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel; and

    (ii)    none of the terms and conditions of the Settlement Agreement or the Allocation Plan has any obvious deficiencies or improperly grant preferential treatment to any individual Class Member.

3. ***Certification of Injunctive Settlement Class*** – For settlement purposes only, the Court hereby certifies the following Injunctive Settlement Class pursuant to Fed. R. Civ. P. 23 pending a Fairness Hearing and further order of the Court: a Rule 23(b)(2) Class of all individuals in an Eligible LGBTQ+ Relationship, who are currently covered by a Commercial Plan provided or administered by Aetna in New York, and who currently or will in the future want to obtain coverage for IUI or IVF treatments.

4. ***Certification of Damages Settlement Class*** – For settlement purposes only, the Court hereby certifies the following Damages Settlement Class pursuant to Fed. R. Civ. P. 23 pending a Fairness Hearing and further order of the Court: a Rule 23(b)(3) Class made up of individuals who establish their eligibility in one of the following three ways:

    (a)    Category A Class Members, comprising the people identified through discovery and whom the Parties agree sought and were denied coverage due to the Definition of Infertility and who were in an Eligible LGBTQ+ Relationship during the Class Period;

    (b)    Category B Class Members, comprising the individuals whom the Parties agree sought and were denied coverage due to the Definition of Infertility

        during the Class Period, and who submit an attestation certifying that at the time they sought coverage, they were in an Eligible LGBTQ+ Relationship (the "Attestation"); and

(c)     Category C Class Members, comprising individuals who submit an Attestation, were members of a New York Aetna plan during the Class Period, who submit a Claim Form Submission evidencing out-of-pocket expenses for artificial insemination services received that would have been covered by their Aetna plan, and either:

    (1)     never sought coverage for any fertility services from Aetna during the Class Period, or

    (2)     never sought coverage for IUI or other donor insemination from Aetna during the Class Period, but sought and received approval for IVF, or were denied coverage for IVF due to the Definition of Infertility.

5.     For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the Class being preliminarily certified in connection with the Settlement Agreement:

    a.     The Class is ascertainable from business records and/or from objective criteria;

    b.     The Class is so numerous that joinder of all members would be impractical;

    c.     Named Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Class Members throughout New York State;

    d.    Based on Named Plaintiffs' allegations that the Defendant engaged in uniform conduct affecting all Class Members, Named Plaintiffs' claims are typical of those of the other Class Members;

    e.    Named Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, in that: (i) Named Plaintiffs' interests are consistent with those of the other Class Members; (ii) Class Counsel are able and qualified to represent the Class; and (iii) Named Plaintiffs and Class Counsel have fairly and adequately represented all of the Class Members in obtaining both monetary and injunctive relief, and in negotiating and entering into the proposed Settlement Agreement;

    f.    For settlement purposes, questions of law and/or fact common to members of the Class predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these provisional findings for settlement purposes, the Court has considered, among other things: (i) the Class Members' interest in individually controlling the prosecution of separate actions; (ii) the impracticability or inefficiency of prosecuting separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

6.    This certification of the settlement Class is made for the sole purpose of attempting to consummate settlement of the Action in accordance with the Settlement Agreement.

7. If the Court does not grant final approval of the proposed Settlement, this settlement class certification shall be deemed void *ab initio*, shall be of no force or effect, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

8. ***Certification of Named Plaintiffs and Appointment of Class Counsel*** – Solely for the purposes of the proposed Settlement Agreement, the Court hereby (a) certifies Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown as the Named Plaintiffs and Class Representatives and (b) appoints Emery Celli Brinckerhoff Abady Ward & Maazel LLP and the National Women's Law Center as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the proposed settlement Class.

9. ***Scheduling of Fairness Hearing*** – Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on at **2:00pm on October 10, 2025** in **Courtroom 518**, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007, to address the Settlement Agreement, before Judge Vernon S. Broderick, district judge for the United States District Court for the Southern District of New York. The Court may adjourn the Fairness Hearing and reconvene it at some other date without further notice to Class Members and may approve the Settlement Agreement (with or without any modifications executed by the Parties), finally approve the Settlement and Allocation Plan at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and dismiss the claims asserted against Defendant on the merits and with prejudice without further notice to any persons or entities (including Class Members) other than the parties.

10. The Fairness Hearing will consider, among other things:

    a. whether the Court should grant final certification of the Class for settlement purposes;

    b. whether the Court should approve the proposed Settlement Agreement as fair, reasonable, and adequate;

    c. whether the Court should approve the proposed Allocation Plan as fair and reasonable;

    d. whether an order and/or judgment should be entered dismissing the Action on the merits and with prejudice, and whether the Release set out in the Settlement Agreement should be provided to the Released Parties;

    e. whether adequate and sufficient notice was given in accordance with this Order;

    f. whether Named Plaintiffs and Class Counsel fairly and adequately represented the Class for purposes of entering into and implementing the proposed Settlement Agreement;

    g. whether the Court should approve Named Plaintiffs' Service Award Application;

    h. whether the Court should approve Class Counsel's Attorneys' Fees and Costs Application; and

    i. any other matters relating to the approval and implementation of the Settlement that the Court may deem appropriate.

11. ***The Settlement Administrator*** – The Court approves Atticus Administration LLC to serve as Claims Administrator. The Administrator shall perform tasks as directed by Class

Counsel, including: (1) issuing notice, including information about the right to object or Opt-Out of the settlement; (2) distributing Claim Form Packages to and receiving executed forms from the Claim Form Package from Class Members, as applicable pursuant to paragraph 75 of the Settlement Agreement, and following up with Class Members to alert them to any missing information in such forms; (3) establishing and administering the Common Fund and, upon conclusion of the process, closing the Common Fund; (4) determining eligibility for Default Common Fund Amount awards on the basis of information provided by counsel for the Parties and by the Class Members, validating the claims, and providing Class Counsel and Defendant's Counsel a list of those persons found preliminarily eligible every 30 days; (5) evaluating Out-of-Pocket Expense Submissions and calculating the amounts of potential reimbursement for eligible out-of-pocket expenses pursuant to the Allocation Plan, in conjunction with the Special Master; (6) collecting and submitting all Miscellaneous Harm Submissions to the Special Master for evaluation; (7) issuing and mailing payments to eligible Class Members, and issuing and filing all required tax forms and statements; (8) responding to inquiries from Class Members about this Agreement and the procedures contained herein, including by the use of a toll-free number and a website; (9) collating all objections to the Agreement for Class Counsel and Counsel for Defendant; (10) creating a database of Class Members who have filed timely and valid forms, as applicable pursuant to paragraph 65 of the Settlement Agreement; (11) creating a database of Opt-Outs; (12) coordinating and advancing payment for publication notice per paragraphs 65(e), 81 of the Settlement Agreement; (13) providing the Parties with regular bills and a final accounting; and (14) to the extent not listed here, the tasks enumerated in the Settlement Agreement and the Administrative Proposal attached as Appendix A to the Settlement Agreement.

12. *Notice* – The Court hereby approves, as to form and content, the Notices and Forms submitted by the Parties to the Court. The Court finds that the Notices and Forms will fully and accurately inform potential Class Members of all material elements of the proposed Settlement Agreement, of the right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement Agreement. The Court further finds that the mailing and distribution of the Notices and Forms substantially in the manner and form set out in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all person and entities entitled to such notice.

13. On or before July 17, 2024, Defendant shall provide the Administrator with the list and addresses of potential Class Members currently identified and the Administrator shall mail or cause to be mailed the Notices and Forms, substantially in the forms submitted to the Court by the Parties, by first-class mail, postage prepaid, to all potential Class Members currently identified by the Parties, at the address of each such person or entity. Before such mailing, the Administrator shall check or cause to be checked all mailing addresses against appropriate available databases to verify the addresses of potential Class Members and shall update such addresses as appropriate. In January 2025, the Administrator shall mail or cause to be mailed the Notices and Forms in a second round of notice pursuant to the above specifications to all additional potential Class Members whom Aetna identifies have submitted precertification requests or claims for infertility services performed prior to Aetna's implementation of the injunctive relief on June 1, 2024 that were not covered by the original notice.

14. If any notices are returned as undeliverable, the Administrator will carry out a second round of address research, including CLEAR, to identify a better address match for re-mailing the notice.

15. The Administrator shall cause a website to be established on which it shall post, among other things: (a) notices and forms that are, in sum and substance, similar to the Notices and Forms; the Allocation Plan; (b) the Settlement Agreement; (c) the filings seeking approval of the proposed Settlement Agreement and any responsive papers; (d) Class Counsel's Attorneys' Fees and Expenses Application(s), after it is submitted to the Court; (e) the Amended Complaint; (f) this Order and any subsequent Orders of the Court relating to the Settlement; and (g) such other materials as Class Counsel determines should be posted.

16. ***Bar Date*** – To receive a payment pursuant to the Settlement Agreement, an eligible Class Member must comply with the requirements applicable to their Category pursuant to paragraph 65 of the Settlement Agreement. To be considered timely, any Forms that must be submitted to be eligible to participate in the Settlement must be received by the Administrator by the Bar Date, which shall be 45 days before the Fairness Hearing.

17. The Parties and their counsel may by written agreement make any amendments to or modifications of the Notice and Forms or the Allocation Plan without notice to or approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

18. At least five days before the Fairness Hearing, Class Counsel shall file or cause to be filed with the Court a declaration confirming that Notice was provided consistent with this Order.

19.     ***Administration and Notice Expenses*** – As provided in the Settlement Agreement, all administration costs including, without limitation, the fees, costs and expenses of the Administrator and any fees, costs or expenses associated with providing the Notice set out in the Settlement Agreement, shall be paid by Aetna separate and apart from the Common Fund.

20.     ***Exclusion from the Class*** – All potential Class Members who wish to exclude themselves from the Damages Settlement Class must submit timely, written requests for exclusion to the Administrator at the address provided in the Notices. The exclusion request must include the following information: (a) name; (b) date of birth; (c) address; and (d) social security number, if any. To be valid, any request for exclusion must be received by the Administrator on or before the Bar Date.

21.     If the proposed Settlement Agreement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion shall be bound by the Release of Claims in the Settlement Agreement and by all proceedings, orders, and judgments regarding the proposed Settlement.

22.     At or before the Fairness Hearing, the Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class. Persons requesting exclusion from the Class shall not be entitled to receive monetary relief provided to the Class.

23.     ***Objections*** – Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement Agreement, including the Allocation Plan and/or Class Counsel's Attorneys' Fees and Expenses Application, may do so by filing an objection as set out below. However, a potential Class Member who requests exclusion from the Class may not file an objection regarding the terms of the Settlement Agreement.

24. A Class Member who wishes to object must submit to the Administrator at the address provided in the notice their objection(s), as well as the specific reason(s), if any, for each such objection and whether the Class Member wishes to speak at the Fairness Hearing. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also must state with specificity the grounds for the objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. The Administrator shall promptly send a copy of each objection it receives to Class Counsel and Defendant's Counsel by email.

25. A Class Member's objection must include the name and docket number of this Action and must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature.

26. All objections must be received by the Administrator on or before the Bar Date.

27. A Class Member may object on their own, or through counsel hired at their own expense.

28. Any attorney hired by a Class Member for the purpose of objecting to the proposed Settlement must serve a notice of appearance on Class Counsel and Counsel for Defendant and e-file the notice of appearance using the Court's CM/ECF system. The notice of appearance must be received by Counsel and filed with the Court on or before the Bar Date.

29. Any Class Member who does not make an objection in the time and manner provided in this Agreement shall be deemed to have waived and forfeited any and all rights they may have to object and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement unless otherwise allowed by the Court.

30. ***Appearance at the Fairness Hearing*** – Attendance at the Fairness Hearing is not necessary. However, any Class Member who submits a timely written objection to the Settlement Claims Administrator in accordance with the requirements set out in this Order—and only such Class Members, unless otherwise allowed by the Court—may also appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

31. Class Members who intend to appear at the Fairness Hearing on their own behalf must send a letter to the Administrator notifying the Administrator of their intention to appear at the Fairness Hearing. Such letter must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature. This letter must be received by the Administrator on or before the Bar Date. The Administrator shall promptly send a copy of each letter it receives to Class Counsel and Counsel for Defendant by email.

32. If a Class Member retains personal counsel (at the Class Member's expense) to appear on their behalf at the Fairness Hearing, such counsel shall serve on Class Counsel and Counsel for Defendant and e-file using the Court's CM/ECF system a notice of intention to appear, which must be received by Counsel and the Court on or before the Bar Date.

33. Any Class Member who does not submit a letter to the Administrator or whose personal counsel does not file a notice of intention to appear with the Court in the time and manner provided in this Order shall be deemed to have waived and forfeited any and all rights they may have to appear at the Fairness Hearing and shall be foreclosed from appearing at the Fairness Hearing unless otherwise allowed by the Court.

34. Any Class Member who submits an objection to the proposed Settlement shall be deemed to consent to the exclusive jurisdiction of the Court with respect to such objection and all

issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

35. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

36. At the time Plaintiffs submit their motion seeking Final Approval of the Settlement, they shall also submit to the Court all of the timely requests for exclusion, objections, and Class Member letters indicating an intention to appear personally at the Fairness Hearing that have been timely submitted to the Administrator.

37. Counsel for the parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 19–36 of this Order.

38. ***Filing of Papers Regarding the Settlement*** – any motion seeking Final Approval of the Settlement Agreement, Allocation Plan, and/or any Attorneys' Fees and Expenses Application(s) must be filed and served no later than 15 days before the Fairness Hearing.

39. ***Termination of Stipulation of Settlement*** – If the Court denies Final Approval or materially modifies the Settlement Agreement, any Party shall have the right to terminate the Settlement Agreement and render its terms null and void, provided that Blue Penciling or the failure by the Court or an appellate court to award or sustain the full amount of the Service Awards to Named Plaintiffs or amounts sought as attorneys' fees and expenses will not constitute a failure to approve the Settlement Agreement or a material modification of the Settlement, and provided that the Parties do not jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Final Judgment; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. If the Settlement becomes null and void, the terms of the

Settlement Agreement shall have no force and effect with respect to the Parties and shall not be used in the Action or any other action for any purpose; the Action will proceed as if no settlement had been attempted; and no portion of the Common Fund will be distributed to Class Members, and the entire Common Fund Amount will revert to Defendant. This Order shall become null and void as to Defendant, and shall be without prejudice to the rights of the Named Plaintiffs and Defendant, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, except that Defendant shall not be entitled to the fees and costs advanced to the Administrator, if: (a) the proposed Settlement Agreement is not finally approved by this Court, or the Court's approval of the Settlement Agreement does not become Final; or (b) the Settlement Agreement is terminated or does not become effective in accordance with its terms for any reason. In such event, (a) all provisions of the Settlement Agreement shall become null and void and be of no further force or effect; (b) neither the Settlement Agreement nor any Court order regarding the Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever except in a proceeding to enforce this provision of this Order; and (c) none of the Settlement Agreement, this Order, the negotiation of the Settlement Agreement, or the statements or court proceedings relating to the Settlement shall in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this provision of this Order. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties (as defined in the Settlement Agreement), as a waiver by those Released

Parties of any applicable defense, or as a waiver by the Named Plaintiffs or the Class Members of any claims, causes of action, or remedies as to the Defendant.

40. ***No Determination of the Merits of Amended Complaint***. The Court has not decided whether the allegations of the Amended Complaint have merit, and there has been no determination that the Defendant committed any wrongdoing.

41. ***Retention of Jurisdiction*** – The Court, and any appellate court from which appeals of the Court's decisions may properly be brought, shall retain jurisdiction for the implementation and enforcement of the terms of this Order for a period of four (4) years from the date of entry of the Final Approval Order, and all Parties hereto and their counsel shall submit to the exclusive jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement, as well as for purposes of a determination as to whether the proposed Settlement Agreement should be approved as fair, reasonable, and adequate.

SO ORDERED.

Dated: October 8, 2024

_____
THE HONORABLE VERNON S. BRODERICK
United States District Judge