UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMA GOIDEL, ILANA LEE, MADELEINE LEE, And LESLEY BROWN, On Behalf Of Themselves And All Others Similarly Situated,

        *Plaintiffs*,

- against -

AETNA LIFE INSURANCE COMPANY,

        *Defendant.*

21-CV-07619 (VSB)

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, on September 13, 2021, Plaintiff Goidel filed a Complaint alleging, *inter alia*, that Aetna is liable under 42 U.S.C. § 18116(a), and with respect to student plans, N.Y. Exec. Law § 296(2)(a), and N.Y.C. Admin. Code § 8-107(4) for discrimination on the basis of sex, sexual orientation, and gender identity;

WHEREAS, on November 5, 2021, Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown (the "Named Plaintiffs") filed a First Amended Complaint ("Amended Complaint") alleging, *inter alia*, that Aetna is liable under 42 U.S.C. § 18116(a) for discrimination on the basis of sex, including sexual orientation and gender identity, and with respect to student plans, under N.Y. Exec. Law § 296(2)(a), and N.Y.C. Admin. Code § 8-107(4) for discrimination on the basis of sex, sexual orientation, and gender identity;

WHEREAS, in the Amended Complaint, the Named Plaintiffs sought prospective injunctive relief and damages on behalf of two classes of similarly situated New York members of Aetna commercial plans under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), who have or would have been denied health benefits coverage for infertility treatment;

1

WHEREAS, on April 18, 2024, the Named Plaintiffs, on behalf of themselves and the Classes, reached a settlement agreement (the "Settlement Agreement") with Defendant (together with the Named Plaintiffs, the "Parties"), which the Court preliminarily approved on October 8, 2024;

WHEREAS, on November 4, 2024, the Parties agreed to minor amendments to the Settlement Agreement, which the Court preliminarily approved in a supplemental order on November 4, 2024 (together with the Court's October 8, 2024 order, the "Preliminary Approval Orders");

WHEREAS, the Court's Preliminary Approval Orders, among other things, (i) directed that Notice be provided to Class Members as set out in the Preliminary Approval Order; (ii) preliminarily approved the Settlement; (iii) approved appointment of the Class Administrator; (iv) preliminarily certified the Injunctive Settlement Class and the Damages Settlement Class; (v) certified Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown as Named Plaintiffs and Class Representatives; (vi) appointed Emery Celli Brinckerhoff Abady Ward & Maazel LLP and the National Women's Law Center as Class Counsel and (vii) scheduled a Fairness Hearing to consider, among other things, whether to finally approve the proposed Settlement, the Plaintiffs' service award payments, and Class Counsel's application for attorneys' fees and costs;

WHEREAS, Plaintiffs applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of the Settlement;

WHEREAS, the Settlement Agreement provides that if it is approved by the Court, all Claims that have been, could have been, or could be asserted in this Action would be resolved, subject to the Release provisions of the Settlement Agreement;

WHEREAS, Defendant denies all the allegations made in the Amended Complaint, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Action on the terms and conditions set forth in the Settlement Agreement to avoid the burden, expense, and uncertainty of continuing litigation;

WHEREAS, Defendant joins in seeking Final Approval of the Settlement Agreement and does not object to Plaintiffs' request for service awards and attorneys' fees and costs;

WHEREAS, this matter came before the Court for a Final Fairness Hearing on October 10, 2025, pursuant to the Court's Preliminary Approval Orders, for Final Approval of the settlement[1] set forth in the Settlement Agreement, and to determine, among other things, (i) whether the Court should approve the proposed Settlement as fair, reasonable and adequate; (ii) whether an order and/or judgment should be entered dismissing the Action on the merits and with prejudice; (iii) whether the Court should approve the Plaintiffs' service award payments; and (iv) whether the Court should approve Class Counsel's attorneys' fees and expenses application;

WHEREAS the Court received submissions and heard argument at the Fairness Hearing from Class Counsel and Defendant's Counsel; and

WHEREAS, the Court has read and considered the Settlement Agreement and the submissions made by the Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

---

[1] This Final Judgment and Order of Dismissal (the "Final Approval Order") incorporates herein and makes a part hereof the Settlement Agreement, the Preliminary Approval Orders, and my comments made on the record during the Final Fairness Hearing.

1.      ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates by reference the definitions in the Settlement Agreement for the purposes of this Order.

2.      ***Appointment of Administrator*** – the Court hereby confirms the appointment of Atticus Administration, Inc. as settlement administrator (the "Administrator").

3.      ***Appointment of Special Master*** – the Court hereby confirms the appointment of the Honorable Steven M. Gold (retired) as Special Master.

4.      ***Proof of Notice*** – The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

5.      The Court finds that the distribution of the Notices and Claim Forms and the notice methodology implemented by the Parties complied with this Court's Preliminary Approval Order and confirms its prior finding that such notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the Release of Claims), Class Members' right to object to the proposed Settlement Agreement, the right of Class Members to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act); and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

6. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

7. ***Settlement Approval*** – The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel, as well as the assistance of an experienced mediator, Hon. Steven M. Gold (Ret.), and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

8. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted by Plaintiffs as to the Defendant and the strength of such claims and the defenses of the Defendant; (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained; (iii) the amount and kinds of benefits offered in the proposed Settlement; (iv) the allocation of proceeds of the Settlement as set forth in the Settlement and the Allocation Plan among Class Members; (v) the stage of the proceedings at which the proposed Settlement was reached; (vi) the information available to the Parties and the Court; (vii) the experience and views of the Parties' counsel; (viii) the potential Class Members' reactions to the proposed Settlement, including the lack of objections filed by Class Members (the single objection was submitted by a non-class member who lacked standing to object) and the lack of any exclusion requests submitted by Class Members; (ix) the submissions and arguments made

throughout these proceedings by the Parties; and (x) the submissions and arguments made in connection with and at the Fairness Hearing.

9. ***Implementation of the Agreement*** – The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

10. ***Releases*** – The release of claims as set forth in paragraphs 50, 121–25 of the Settlement are expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Settlement), and without limiting or modifying the full language of the release provisions in the Settlement, the release of claims set forth in the Settlement Agreement shall be given full force and effect as to all Released Parties.

11. ***Binding Effect*** – The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as those terms are defined in the Stipulation of Settlement). This Order shall have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to Released Claims and the facts giving rise to the Released Claims.

12. ***Service Awards to the Named Plaintiffs*** – The Court finds that the requested service awards of $15,000 each to the Named Plaintiffs Emma Goidel, Ilana Lee, Madeleine Lee, and Lesley Brown is reasonable under the circumstances. This amount shall be paid by Defendant to the Named Plaintiffs within 30 days of Defendant's receipt of all documentation necessary to effectuate payment.

13. ***Attorneys' Fees and Costs Award*** – The Court grants Plaintiffs' motion brought under Fed. R. Civ. P. 24(h) and 54(d)(2) and finds, in accordance with the same and with Fed. R. Civ. P. 52(a), that the requested $1,625,000 for attorneys' fees and costs is fair, reasonable, and

appropriate. This amount shall be paid by Defendant to Class Counsel within 30 days of Defendant's receipt of all documentation necessary to effectuate payment.

14. ***Modification of Settlement*** – Without further approval from the Court, Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement and the implementing documents (including all exhibits) that (i) are not materially inconsistent with this Order and the Judgment; and (ii) do not materially limit the rights of the Named Plaintiffs, any other Class Member, the Defendant, Releasing Parties, or Released Parties under the Settlement, and provided, further, that any such amendments, modifications and/or expansions of the Settlement must be executed in writing by the Parties to the Settlement.

15. ***Retention of Jurisdiction*** – The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court, and any appellate court from which appeals of the Court's decisions may properly be brought, expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including the implementation and enforcement of the terms of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose, for a period of four (4) years from the date of entry of this Order.

16. ***Dismissal of Action*** – The claims asserted in this Action will be dismissed with prejudice as of the Effective Date of Payment, as that term is defined in the Settlement, without fees or costs to any party except as otherwise provided in this Order and in the Settlement.

17. ***Entry of Judgment*** – The Court will separately enter Judgment in accordance with Fed. R. Civ. P. 58.

So ordered this 10th day of October, 2025.

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE